IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:07-00098

**TONY PULLEN**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant's motion to modify sentence, filed on June 8, 2009, pursuant to 18 U.S.C. § 3582(c)(2). The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment. Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10, applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in

subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The November 16, 2007, Judgment reveals defendant was sentenced, inter alia, to a 108-month term of imprisonment. The original guideline calculation was based on a Base Offense Level of 30 inasmuch as the defendant was found by the court to be responsible for 19.9 grams of cocaine base, 8 ounces of cocaine powder, and 1,250 pounds of marijuana, resulting in a marijuana equivalency of 931 kilograms. The defendant was also assessed with a two-level enhancement for the presence of a firearm. The defendant was granted a three-level credit for acceptance of responsibility. The defendant's Total Offense Level was that of 29 and when coupled with a Criminal History category of III, the resulting guideline range was 108 to 135 months.

The revised guideline calculation based on the amendment, using the same quantities of cocaine base, cocaine powder and marijuana, results in what is now 1,010 kilograms of marijuana equivalency which becomes a Base Offense Level of 32 from which a two-level reduction is now given for the multiple

substance adjustment. Taking into account the two-level enhancement for presence of a firearm and a three-level credit for acceptance of responsibility, the Total Offense Level remains the same at 29.[1] Accordingly, there is no reduction of the 108 month sentence.

To the extent the defendant seeks further relief, the defendant having specifically requested a reduction of more than two levels, pursuant, inter alia, to Booker, it is ORDERED that his request be, and it hereby is, denied. See United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009). It is further ORDERED that the defendant's request for counsel be, and it hereby is, denied as unnecessary.

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender and the United States Probation Office.

ENTER: March 26, 2010

John T. Copenhaver, Jr.
United States District Judge

---

[1] Even though this is a cocaine base offense and there are 19.9 grams assessable to the defendant, when all of the drugs are converted to marijuana equivalency only about 1/3 of the total marijuana equivalency with which the defendant is chargeable relates to cocaine base by virtue of the substantial quantities of cocaine and marijuana constituting relevant conduct. Consequently, the cocaine base portion has a diminished impact on the total calculation.